UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LAUREN D'ANNUNZIO, ASHLEY D'ANNUNZIO,        :
and GABRIELLE D'ANNUNZIO,                     :
                                              :
                Plaintiffs,                   :
                                              :       MEMORANDUM AND
      -against-                               :       ORDER
                                              :
AYKEN, INC. d/b/a/ AYHAN'S FISH KEBAB         :       11-CV-3303 (WFK) (WDW)
RESTAURANT, AYHAN HASSAN, and DARIO           :
GOMEZ,                                        :
                                              :
                Defendants.                   :
-------------------------------------------------------------------X

**KUNTZ, United States District Judge**

Plaintiffs Lauren D'Annunzio, Ashley D'Annunzio, and Gabrielle D'Annunzio ("Plaintiffs") commenced this action on July 11, 2011 against Defendants Ayken, Inc. ("Ayken") d/b/a Ayhan's Fish Kebab Restaurant (the "Restaurant"), Ayhan Hassan ("Hassan"), and Dario Gomez ("Gomez"). Plaintiffs were employees of Defendants Ayken and Hassan at the Restaurant, located in Port Washington, New York, where Defendant Gomez was the manager. Plaintiffs allege claims against Ayken under Title VII and New York State Human Rights Law ("NYSHRL") for sexual harassment, hostile work environment, and constructive discharge; against Hassan and Gomez under NYSHRL for aiding and abetting Ayken's discriminatory actions; against all Defendants for negligent infliction of emotion distress; against Gomez for negligent supervision; and against Ayken and Hassan for *respondeat superior* liability and failure to control the premises.

On July 13, 2011, Plaintiffs held a press conference to announce the filing of this action and distributed copies of the Complaint to the media. Plaintiffs filed an Amended Complaint on

July 28, 2011.  On October 3, 2011, Defendants filed their Answer to the Amended Complaint and six (6) counterclaims for defamation arising from Plaintiffs' distribution of copies of the Complaint and statements made to the media.  Plaintiffs now move this Court to dismiss Defendants' six (6) counterclaims for defamation pursuant to Federal Rule of Civil Procedure 12(b)(6) in lieu of filing an answer, or alternatively, to grant Plaintiffs leave to file an answer to the counterclaims within twenty-one (21) days of the Court's determination of this motion.  For the reasons set forth below, the Court grants Plaintiffs' motion to dismiss.

## I.      Factual Background

Plaintiffs are three (3) sisters who are former employees of the Restaurant.  Plaintiff Gabrielle D'Annunzio worked as a hostess at the Restaurant from June 2005 to July 2008.  Am. Compl., at ¶ 14.  Plaintiff Lauren D'Annunzio worked as a hostess at the Restaurant from March 2006 to July 2008.  *Id*., at ¶ 15.  Plaintiff Ashley D'Annunzio worked as a hostess at the Restaurant from August 2007 to July 2008.  *Id*., at ¶ 16.  Plaintiffs allege each of them was "exposed to repeated, inappropriate, [and] offensive comments by the [R]estaurant's male employees throughout their employment." *Id*., at ¶ 18.  Plaintiffs Lauren D'Annunzio and Gabrielle D'Annunzio allege they experienced unwanted touching.  *Id*., at ¶¶ 30–33.  Plaintiffs further allege they asked Defendant Gomez, who observed the inappropriate conduct, to put an end to the offensive comments and unwanted touching, but he failed to do so.  *Id*., at ¶¶ 25–28, 35–37.

Plaintiffs allege the offensive conduct culminated in July 2008, when Plaintiff Lauren D'Annunzio was sexually assaulted by Juan Pablo Orellano, a cook at the Restaurant.  *Id*., at ¶ 43.  Mr. Orellano pleaded guilty to Attempted Sexual Abuse in the First Degree on August 28, 2008 and was sentenced to four months incarceration at the Nassau County Correctional Center.

*Id.*, at ¶ 52; Reply Mem. of Law in Supp. of Pls.' Mot. to Dismiss Defs.' Countercls. ("Pls.' Reply"), Feb. 16, 2012, at Ex. C (Correspondence from the Office of the District Attorney, Nassau County). He has been deported since that time. Am. Compl., at ¶ 53. Following the July 2008 attack on Lauren D'Annunzio, all three Plaintiffs terminated their employment at the Restaurant. *Id.*, at ¶¶ 14–16.

On or about January 14, 2009, Plaintiffs filed a verified complaint of sex-based discrimination with the Equal Employment Opportunity Commission ("EEOC"). Am. Compl., at ¶ 10. On April 11, 2011, the EEOC determined that with respect to charges made by Plaintiffs Lauren D'Annunzio and Gabrielle D'Annunzio, "there is reasonable cause to believe that Respondent has discriminated against Charging Part[ies] on account of [their] sex, in that [they were] sexually harassed and constructively discharged." *Id.*, at ¶ 12; Pls.' Reply, at Ex. D (EEOC Determinations for Plaintiffs Lauren D'Annunzio and Gabrielle D'Annunzio). The EEOC issued Notice of the Right to Sue letters to Plaintiff Ashley D'Annunzio on April 11, 2011 and to Plaintiffs Lauren D'Annunzio and Gabrielle D'Annunzio on June 15, 2011. Am. Compl., at ¶¶ 11, 13.

Plaintiffs filed this action on July 11, 2011 and held a press conference announcing the filing of this action on July 13, 2011. Defendants filed their Answer and counterclaims on October 3, 2011. The counterclaims include causes of action for defamation by each Defendant against all Plaintiffs arising from the July 13, 2011 press conference and distribution of copies of the Complaint to the media. Specifically, Defendants allege Plaintiffs stated "in front several news reporters and others, that 'throughout' the Plaintiffs' employment at Fish Kebab restaurant, the Plaintiffs were 'sexually harassed continually' and that the Plaintiffs had 'complained to management, but nothing was down to stop it.'" Answer, at ¶¶ 151–153. Additionally,

Defendants allege Plaintiffs "distributed copies of the [C]omplaint in the within action to members of the news media . . . ." *Id.*, at ¶ 154. On the same day, Newsday published an article on its website repeating the statements made by Plaintiffs at the press conference and reporting the filing of the Complaint. *Id.*, at ¶ 155. On July 14, 2011, Newsday published an article in its newspaper repeating the statements made by Plaintiffs at the press conference and reporting the filing of the Complaint. *Id.*, at ¶ 156.

Defendants' counterclaims also include claims by each Defendant against Plaintiff Gabrielle D'Annunzio for comments she made to News 12 and for the distribution of copies of the Complaint to News 12. Defendants allege Plaintiff Gabrielle D'Annunzio told a News 12 reporter that "throughout the Plaintiffs' employment at Fish Kebab restaurant, the Plaintiffs were 'sexually harassed' and that 'management did nothing to stop it[,]'" and provided a copy of the Complaint to the News 12 reporter. *Id.*, at ¶ 181–182. On July 13, 2011, News 12 published an article on its website and ran a story during its news broadcast repeating the statements made by Plaintiff Gabrielle D'Annunzio and reporting the filing of the Complaint. *Id.*, at ¶¶ 183–184.

Defendants allege Plaintiffs' allegations of sexual harassment in the Complaint are false. Answer, at ¶ 158; Defs.' Mem. of Law in Opp'n to Pls.' Mot. to Dismiss Countercls. ("Defs.' Opp'n"), Jan. 26, 2012, at 1. Defendants further argue Plaintiffs commenced the instant action with malice and ill-will for the purpose of later defaming Defendants. Answer, at ¶¶ 158–160, 166–168, 174–176, 186–188, 194–196, 202–204.

## II.   Applicable Law

### A.   Motion To Dismiss

Plaintiffs move to dismiss the counterclaims for defamation asserted in the Answer for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the counterclaims liberally,

4

"accepting all factual allegations in the [counterclaim] as true, and drawing all reasonable inferences in the [non-movant's] favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir. 2002) (citing *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001)). To survive a motion to dismiss, the counterclaim must set forth factual allegations sufficient "to raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The Court need not credit "legal conclusions" in the counterclaim or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)) (internal quotations and alteration omitted). A motion to dismiss should be granted when, viewing the facts in the light most favorable to the non-moving party, the counterclaim fails to state a claim upon which relief may be granted.

When determining the sufficiency of a claim under Rule 12(b)(6), the Court is required to consider only the allegations on the face of pleading. Nonetheless, "[d]ocuments that are attached to the [pleading] or incorporated in it by reference are deemed part of the pleading and may be considered." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). The Court can only consider documents outside of the pleading if the documents are integral to the pleading or subject to judicial notice. *Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 156 (2d Cir. 2006).

**B.    Defamation**

Under New York law, a claim for defamation must allege: (1) a false statement of fact, (2) about the [complainant], (3) published to a third party without authorization or privilege, (4) through fault amounting to at least negligence, and (5) causing defamation *per se* or a special harm. *Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation et al.*, No. 06-CV-1260, 2009 WL 4547792, at *8 (E.D.N.Y. Dec. 1, 2009) (Matusmoto, J.) (internal citations omitted). A

statement that "tend[s] to injure another in his or her trade, business or profession" is defamatory *per se*. *Stern v. Cosby*, 645 F. Supp. 2d 258, 273 (S.D.N.Y. 2009) (citing *Liberman v. Gelstein*, 80 N.Y.2d 429, 435, 605 N.E.2d 344 (1992)).

Although a plaintiff need not plead a defamation claim in considerable detail, Federal Rule of Civil Procedure 8(a) requires a concise statement of the basis of a claim. *Ahmed v. Gelfand*, 160 F. Supp. 2d 408, 416 (E.D.N.Y. 2001) (Johnson, J.). A plaintiff need not plead a defamatory statement *in haec verba*, but the pleadings must be sufficient to "afford the defendant sufficient notice of the communications complained of to enable him to defend himself." *Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986) (citing *Liguori v. Alexander*, 495 F. Supp. 641, 647 (S.D.N.Y. 1980)). Ordinarily, this requires a plaintiff pleading defamation claims to state "the substance of the purported communication, who made the communication, when it was made, and to whom it was communicated." *Ahmed*, 160 F. Supp. 2d at 416; *Broome v. Biondi*, No. 96-CV-805, 1997 WL 83295, at *2 (S.D.N.Y. Feb. 10, 1997) (Carter, J.).

### 1.    Absolute Privilege Under New York Common Law

New York has traditionally accorded an absolute privilege to oral or written communications made in the course of judicial proceedings and which relate to the litigation. Consequently, a statement made in the course of a judicial proceeding is absolutely privileged under New York common law so long as it is considered material and pertinent to the litigation. *Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126, 146 (E.D.N.Y. 2010) (Bianco, J.); *see Martirano v. Frost*, 25 N.Y.2d 505, 507, 255 N.E.2d 693 (1969) ("[A] statement, made in open court in the course of a judicial proceeding, is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation."). The absolute privilege attaches to every step of the judicial proceeding, not just the hearing or trial phase. *Weitz v. Wagner*, No.

07-CV-1106, 2008 WL 5605669, at *7 (E.D.N.Y. July 24, 2008) (Boyle, J.) (internal citation omitted). Furthermore, the privilege attaches to witnesses as well as judges, parties, and attorneys. *Id.* The complete immunity for such statements is predicated upon the public interest in the freedom of participants in litigation to "speak with that free and open mind which the administration of justice demands." *Youmans v. Smith*, 153 N.Y. 214, 47 N.E. 265 (1897).

However, the "privilege for in-court statements is considerably broader than that for out-of-court reports relating to the proceeding." *Long v. Marubeni Am. Corp.,* 406 F. Supp. 2d 285, 294 (S.D.N.Y. 2005). Courts consistently have held that out-of-court statements, such as those made in a press conference or press release, are not covered by the absolute privilege. *Id.* "The delivery of a copy or report of a complaint to the press is not a statement made during the course of judicial proceedings and therefore is not protected by the common law privilege afforded such statements." *Bridge C.A.T. Scan Assocs. v. Ohio-Nuclear, Inc.,* 608 F. Supp. 1187, 1195 (S.D.N.Y. 1985). Rather, the common law privilege "offers a shield to one who publishes libelous statements in a pleading or in open court for the purpose of protecting litigants' zeal in furthering their causes." *Id.* "Delivery of a complaint or summary of a complaint to the press is neither essential nor relevant to the judicial proceedings themselves. It in no way aids a party in furthering his or her cause before a judicial tribunal and, hence, must fall outside the privilege afforded statements made during the course of judicial proceedings." *Id.*

### 2.    Section 74 Of The New York Civil Rights Law

Out-of-court statements reporting on judicial proceedings are governed by Section 74 of the New York Civil Rights Law, which provides that "[a] civil action cannot be maintained against any person, firm, or corporation, for the publication of a fair and true report of any judicial proceeding . . . ." N.Y. Civil Rights Law § 74. "The purpose of providing immunity to

fair and true reports of judicial proceedings is said to be to encourage the dissemination of information concerning the judicial branch of government and thereby to serve the public interest 'in having proceedings of courts of justice public, not secret, for the greater security thus given for the proper administration of justice.'" *Gurda v. Orange Cnty. Publ'ns Div. of Ottaway Newspapers, Inc.*, 81 A.D.2d 120, 131, 439 N.Y.S.2d 417, 423–24 (2d Dep't 1981) (Mollen, J., dissenting), *rev'd for reasons stated in this dissent*, 56 N.Y.2d 705, 436 N.E.2d 1326 (1982) (quoting *Lee v. Brooklyn Union Pub. Co.*, 209 N.Y. 245, 248, 103 N.E. 155 (1913)).

"For a report to be fair and true within the meaning of [Section] 74, it is enough that the substance of the article be substantially accurate." *Southridge Capital Mgmt., LLC v. Lowry*, No. 01-CV-4880, 2003 WL 68041, at *2 (S.D.N.Y. Jan. 7, 2003) (internal quotations and citations omitted). The report is not required to use the same words as the pleadings to convey the substance of the judicial proceeding and "[t]he challenged language . . . 'should not be dissected and analyzed with a lexicographer's precision.'" *Idema v. Wager*, 120 F. Supp. 2d 361, 369 (S.D.N.Y. 2000) (quoting *Becher v. Troy Publ'g Co., Inc.,* 183 A.D.2d 230, 234, 589 N.Y.S.2d 644 (3rd Dep't. 1992)). It is sufficient that the plaintiff's complaint or documents referred to therein form the basis for each of the contested statements. *McRedmond v. Sutton Place Rest. & Bar, Inc.*, 48 A.D.3d 258, 259, 851 N.Y.S.2d (1st Dep't 2008) ("Since the statements complained about . . . essentially summarize or restate the allegation of the complaint herein, they are protected by Civil Rights Law § 74 . . . .").

However, the privilege does not extend to statements in a report that imply misconduct beyond that alleged in the judicial proceeding on which the report is based. "If the published account, along with the rest of the article, suggests more serious conduct than that actually suggested in the official proceeding, then the privilege does not attach, as a matter of law."

8

*Daniel Goldreyer, Ltd. v. Van de Wetering*, 217 A.D.2d 434, 436, 630 N.Y.S.2d 18 (1st Dep't 1995) (internal citations omitted); *see Ocean State Seafood, Inc. v. Capital Newspaper, Div. of Hearst Corp.*, 112 A.D.2d 662, 666, 492 N.Y.S.2d 175 (3d Dep't 1985) (the Section 74 "privilege does not apply when the news account of the judicial proceeding is combined with other facts or opinions to imply wrongdoing").

Additionally, the New York State Court of Appeals has held Section 74 does not allow a person to "maliciously institute a judicial proceeding alleging false and defamatory charges, and to then circulate a press release or other communication based thereon and escape liability by invoking the statute." *Williams v. Williams,* 23 N.Y.2d 592, 599, 246 N.E.2d 333 (1969); *see McNally v. Yarnall,* 764 F. Supp. 853, 856 (S.D.N.Y. 1991). "*Williams* created a judicial exception to the statutory protections if it appears that the public policy goals of the statute are being thwarted by the commencement of litigation intended as a device to protect a report thereof and thereby disseminate defamatory information." *Halcyon Jets, Inc. v. Jet One Grp., Inc.,* 69 A.D.3d 534, 894 N.Y.S.2d 392, 393 (1st Dep't 2010). Therefore, "[o]ut-of-court statements such as press releases, which are not covered by the litigants' privilege, are privileged only to the extent that they represent fair and true reports of what occurred in the proceeding (subject to the *Williams* exception)." *Long v. Marubeni Am. Corp.,* 406 F. Supp. 2d 285, 294 (S.D.N.Y. 2005). However, "New York courts have consistently held that the *Williams* exception is a narrow one and does not apply 'in the absence of any allegation that the . . . action was brought maliciously and solely for the purpose of later defaming the plaintiff.'" *Riel v. Morgan Stanley,* No. 06-CV-524, 2007 WL 541955, at *12 (S.D.N.Y. Feb. 16, 2007) (Griesa, J.) (internal citations and quotations omitted).

9

### III.   Discussion

#### A.   Plaintiffs' Alleged Defamatory Conduct Is Not Entitled To Absolute Privilege

The alleged defamatory conduct occurred in the context of Plaintiffs' July 13, 2011 press conference and Plaintiff Gabrielle D'Annunzio's comments to News 12.  Plaintiffs admit they initiated the press conference and meeting with News 12 to announce the filing of this action.  It is not disputed that the press conference was subsequently reported to Newsday and News 12.  Mem. of Law in Supp. of Pls.' Mot. to Dismiss Defs.' Countercls., Oct. 24, 2011, at 2.  Statements made by Plaintiffs and the distribution of copies of the Complaint by Plaintiffs fall outside the absolute privilege.  The complained-of conduct did not occur during the course of a judicial proceeding.  New York courts have determined that out-of-court statements, including statements made in a press conference or press release, are not covered by an absolute privilege.  *Long v. Marubeni Am. Corp.,* 406 F. Supp. 2d 285, 294 (S.D.N.Y. 2005).  Likewise, courts have held that the delivery of a pleading or a copy of a pleading to the press is not a statement made during the course of a judicial proceeding.  *Bridge C.A.T. Scan Assocs. V. Ohio-Nuclear, Inc.,* 608 F. Supp. 1187, 1195 (S.D.N.Y. 1985).  The purpose of the absolute privilege is to encourage candor by parties involved in litigation and to further the litigation process.  Here, Plaintiffs' decision to initiate the press conference, make statements to the press about the allegations in the Complaint, and distribute copies of the Complaint to the press in no way assisted them in advancing their position before this Court.

Nonetheless, Plaintiffs argue the out-of-court statements they made to the media are protected by an absolute privilege.  However, Plaintiffs do not cite case law supporting the protection of allegedly defamatory statements and distribution of pleadings during a press conference—an arena entirely divorced from a judicial proceeding.  Rather, the case law upon which Plaintiffs rely is distinguished easily from the facts of the instant action.  First, *Weitz v.*

10

*Wagner* involved a situation where the defendant made a conclusory assertion in her counterclaim which sought damages for "alleged injury to her reputation as a result of this suit." No. 07-CV-1106, 2008 WL 5605669, at *1 (E.D.N.Y. July 24, 2008) (Boyle, J.). The case did not involve out-of-court statements, but whether the defendant's claim for defamation was sufficiently pleaded under Federal Rule of Civil Procedure 8. *Id.* at *7. The court determined the defamation claim was not sufficiently pleaded due to the defendant's failure to describe the statements made, the approximate date and time they were made, or the particular individual who made the statements.

Second, Plaintiffs rely on *Bernstein v. Seeman*, a case involving alleged defamatory statements contained in submissions to the EEOC and in a letter from the defense counsel to the plaintiff. 593 F. Supp. 2d 630, 636 (S.D.N.Y. 2009) (Marrero, J.). The court found New York law well-settled: statements made in quasi-judicial proceedings, including proceedings before agencies such as the EEOC, are protected by an absolute privilege. *Id.* Here, the alleged defamatory conduct did not occur in the context of a judicial proceeding or a quasi-judicial proceeding, or in communications between parties and their respective counsels.

Plaintiffs rely on *Gristede's Foods v. Poopsatuck* to argue that out-of-court statements made to the media are entitled to an absolute privilege. No. 06-CV-1260, 2009 WL 4547792, (E.D.N.Y. Dec. 1, 2009) (Matsumoto, J.). That argument fails. In *Gristede's Foods*, Judge Matsumoto analyzed alleged defamatory statements contained in a pleading, in a Congressional House Report, and in a Newsday article. The court held the statements contained in the second amended complaint were "pertinent to the litigation" and therefore protected by an absolute privilege. *Id.* at *9–10. The court explicitly identified the distinction between statements made in a pleading and those repeated out of court: "Had the plaintiff published these allegations to a

non-party or made these statements on the courthouse steps, the analysis might well be different." *Id.* at *10 (citing *Long v. Marubeni Am. Corp.*, 406 F. Supp. 2d 285, 294 (S.D.N.Y. 2005)). The court dismissed the defendants' counterclaims for defamation based on statements contained in a House Report, finding that the alleged defamatory statement was not attributed to the plaintiff or "of and concerning" the defendants. *Id.* at *14–15. Finally, the court dismissed the counterclaims as to the statements made in the Newsday article, finding two of the three statements made by the plaintiff's attorney to the press after the court's dismissal of certain of the plaintiff's claims were protected by Section 74, and the third statement was not a statement made by or attributed to the plaintiff. *Id.* at *15–20. Nowhere in the opinion does the court find parties to hold an absolute privilege for an out-of-court statement or delivery of a pleading to the media.

The Court is not persuaded by Plaintiffs' argument that their statements to the media and distribution of copies of the Complaint to the media are protected by an absolute privilege. There is no legal precedent to support a finding that out-of-court statements, such as those made by parties to the press, or deliveries of pleadings to the press, are immune from claims for defamation. Therefore, this Court finds statements made by Plaintiffs and distribution of copies of the Complaint by Plaintiffs to the media are not covered by an absolute privilege.

**B.     Plaintiffs' Alleged Defamatory Conduct Is Protected By Section 74 Of The New York Civil Rights Law**

Although the Court finds no absolute privilege under New York common law protecting Plaintiffs' statements and distribution of copies of the Complaint to the media, the Court does find the alleged defamatory conduct is protected under Section 74 of the New York Civil Rights Law because it constitutes a fair and true report of the judicial proceedings. "Out-of-court statements such as press releases, which are not covered by the litigants' privilege, are privileged

only to the extent that they represent fair and true reports of what occurred in the proceeding (subject to the *Williams* exception for a party's out-of-court repetition of a maliciously false statement in a pleading)." *Long v. Marubeni Am. Corp.*, 406 F. Supp. 2d 285, 294 (S.D.N.Y. 2005). Here, the statements published by Plaintiffs are of and concerning the Complaint in the underlying litigation and constitute substantially accurate descriptions and characterizations of the Complaint. *See McRedmond v. Sutton Place Rest. & Bar, Inc.*, 48 A.D.3d 258, 259, 851 N.Y.S.2d (1st Dep't 2008). For example, Defendants assert Plaintiffs' statements that throughout their employment at the Restaurant, they were "sexually harassed continually" and "complained to management but nothing was to stop it" are defamatory. Answer, at ¶¶ 151–153, 181. These statements accurately reflect the allegations contained in the Complaint and Amended Complaint. Plaintiffs allege each of them was "exposed to repeated, inappropriate, offensive comments by the [R]estaurant's male employees throughout their employment." Am. Compl., at ¶ 18. Two of the Plaintiffs experienced "unwanted touching." *Id.*, at ¶ 30. Two of the Plaintiffs requested that Defendant Gomez "make the behavior stop" and Defendants did nothing to "prevent the touching and comments." *Id.*, at ¶¶ 37, 40, 58. As evidenced by a comparison of the alleged defamatory statements to the plain language of the Complaint, Plaintiffs provided a fair and accurate report of the judicial proceedings. There is no evidence to suggest misconduct more serious than that alleged in the Complaint. The Court finds the alleged defamatory conduct constitutes a "fair and true" report of the judicial proceedings and a substantially accurate rendering of the allegations in the Complaint.

Defendants contend Plaintiffs' statements are not entitled to protection under Section 74 because the statements were made to the media by Plaintiffs, and not by Plaintiffs' attorney. Defs.' Sur Reply Mem. of Law in Opp'n to Pls.' Mot. to Dismiss Countercls., Mar. 2, 2012, at

5–6.  It is irrelevant that Plaintiffs, as parties to the action, issued the statements.  Section 74 applies to "any person," not just to journalists or attorneys.  *Williams v. Williams*, 23 N.Y.2d 592, 597 (1969) (stating the qualified privilege was expanded in 1940 to apply to "any person, firm or corporation" and to confer the "same privilege now accorded to newspapers and radio broadcasters . . . .") (internal citation omitted); *see also Procter & Gamble Co v. Quality King Distribs., Inc.*, 974 F. Supp. 190, 197 (E.D.N.Y. 1997) (Spatt, J.) ("It is irrelevant that [the Plaintiff], a party to the action, issued the statements, rather than the media."); *Hudson v. Goldman Sachs & Co., Inc.,* 304 A.D.2d 315, 316, 757 N.Y.S.2d 541 (1st Dep't 2003) (affirming dismissal of a defamation complaint based on newspaper statements made by a party before that party had taken a similar position in court documents).

Defendants argue that even if the alleged defamatory conduct is protected under Section 74, it falls within the *Williams* exception to the protection afforded under Section 74. Defendants contend the statements were made and delivered to the press by Plaintiffs for the sole purpose of publicly maligning Defendants' reputation and business, and achieving a monetary settlement.  Defs.' Opp'n, at 1.

The Court finds no evidence of Plaintiffs' intention to use this lawsuit as a device for disseminating defamatory statements concerning Defendants.  Rather, events that occurred prior to the commencement of this action make clear Plaintiffs filed the Complaint in good faith and not simply to maliciously stimulate press coverage and disseminate defamatory statements about Defendants.  In July 2008, Plaintiff Lauren D'Annunzio was sexually assaulted by a male employee at the Restaurant.  The offending male employee was arrested and pleaded guilty to Attempted Sexual Abuse in the First Degree.  As a result of this event, Plaintiffs terminated their employment at the Restaurant in July 2008.  Thereafter, on January 14, 2009, Plaintiffs filed

14

complaints of discrimination with the EEOC.  The EEOC determined that with respect to charges made by Plaintiffs Lauren D'Annunzio and Gabrielle D'Annunzio, "there is reasonable cause to believe that Respond has discriminated against Charging Party on account of her sex, in that she was sexually harassed and constructively discharged."  Pls.' Reply, at Ex. D.  The EEOC issued Notice of Right to Sue letters to each of the three Plaintiffs.  These events support Plaintiffs' good faith basis in commencing this action.  Defendants fail to allege Plaintiffs filed the Complaint maliciously and for the sole purpose of defaming Defendants.  Therefore, the Court finds the facts alleged by Defendants do not fall within the narrow exception to the privilege afforded under Section 74.

## IV.    Conclusion

For the foregoing reasons, Defendants' counterclaims are barred by New York Civil Rights Law § 74.  Therefore, Plaintiffs' motion to dismiss Defendants' counterclaims is GRANTED.

**SO ORDERED**

Dated: Brooklyn, New York
       July 17, 2012

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

15