UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LAUREN D'ANNUNZIO, ASHLEY D'ANNUNZIO,
and GABRIELLE D'ANNUNZIO,

                Plaintiffs,

      -against-

AYKEN, INC. d/b/a/ AYHAN'S FISH KEBAB
RESTAURANT, AYHAN HASSAN, and DARIO
GOMEZ,

                Defendants.
------------------------------------------------------------X

**DECISION AND ORDER**
11-CV-3303 (WFK) (WDW)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On March 9, 2015, Plaintiffs Lauren D'Annunzio, Ashley D'Annunzio, and Gabrielle D'Annunzio (collectively, "Plaintiffs") filed a motion for attorneys' fees and costs in the amount of $227,255.47, consisting of $222,938.96 in attorneys' fees for 604.91 hours of work performed by five individuals and $4,316.51 in costs. Dkt. 85 ("Motion"); Dkt. 85-1 ("Aff.") at ¶¶ 25, 108; Dkt. 86 ("Amended Mot."); Dkt. 90 ("Reply Aff.") at ¶ 5; Dkt. 90-1 ("Valli Kane Bill") at 2. On March 23, 2015, Defendants Ayken, Inc. d/b/a Ayhan's Fish Kebab Restaurant, Ayhan Hassan, and Dario Gomez (collectively, "Defendants") filed an opposition to Plaintiffs' motion, asserting Plaintiffs should not recover all of their attorneys' fees and costs because (1) Plaintiffs did not prevail on every cause of action asserted; (2) the attorneys' billing records are not sufficiently specific to assess reasonableness; (3) the number of hours billed is excessive; and (4) the attorneys' hourly rates are too high. Dkt. 88 ("Opp."). This Court referred Plaintiffs' motion to Magistrate Judge Steven I. Locke for a Report and Recommendation. Dkt. Entry Dated 3/09/2015.

1

On August 25, 2015, Magistrate Judge Steven I. Locke provided a Report and Recommendation to the Court recommending that Plaintiffs be awarded a total of $181,633.00, comprised of $181,283.00 in attorneys' fees and $350.00 in costs. Dkt. 93 ("R&R") at 1. Magistrate Judge Locke determined certain of the attorneys' hourly rates were too high and accordingly reduced those attorneys' rates. *Id.* at 7-8. Magistrate Judge Locke also found certain billing entries by Plaintiffs' attorneys to be excessive or unreasonable, further determined an additional reduction was appropriate to account for the fact that Plaintiffs' state law causes of action were dismissed, and accordingly reduced the total number of hours billed by ten percent (10%). *Id.* at 11-13. Lastly, Magistrate Judge Locke limited Plaintiffs' recovery for costs to those which Plaintiffs had substantiated with documentary proof, and therefore only awarded Plaintiffs $350.00 in costs for the court filing fees. *Id.* at 14-15.

Objections to the Report and Recommendation were required to be within fourteen days of the Report and Recommendation. *Id.* at 15; Fed. R. Civ. P. 72(b)(2). No objections were filed.

**DISCUSSION**

In reviewing a Report and Recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When no objections have been filed, a district court reviews a Report and Recommendation for clear error. *See Zeitone v. Korsinsky & Klein, LLP*, 13-CV-0383, 2013 WL 5937397, at *1 (E.D.N.Y. Nov. 4, 2013) (Kuntz, J.) (citing *Reyes v. Mantello*, 00-CV-8936, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003) (Cote, J.)); *Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007) (Garaufis, J.). If an objection is timely made to the Report and Recommendation, then the district court judge reviews "those portions of the report . . . or

2

recommendations to which objection is made" *de novo*. *Zeitone*, 2013 WL 5937397 at *1; *see also* Fed. R. Civ. P. 72(b)(3).

No party has filed objections to the Report and Recommendation in this action. The Court finds that there was no clear error in the Report and Recommendation's determination of attorneys' fees and costs. The Court therefore adopts Magistrate Judge Locke's Report and Recommendation in its entirety.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 10, 2015
    Brooklyn, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
LAUREN D'ANNUNZIO, ASHLEY D'ANNUNZIO,
and GABRIELLE D'ANNUNZIO,

                            Plaintiffs,

    -against-

AYKEN, INC. d/b/a AYHAN'S FISH KEBAB
RESTAURANT, AYHAN HASSAN and DARIO
GOMEZ,

                           Defendants.
---------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
11-cv-3303(WFK)(SIL)

**LOCKE, Magistrate Judge:**

Presently before the Court, on referral from the Honorable William F. Kuntz for Report and Recommendation, is Plaintiffs' motion for attorneys' fees and costs. *See* Docket Entry ("DE") [85]. Plaintiffs Lauren D'Annunzio, Ashley D'Annunzio, and Gabrielle D'Annunzio (collectively, "Plaintiffs") commenced this action against Defendants Ayken, Inc. d/b/a Ayhan's Fish Kebab Restaurant, Ayhan Hassan, and Dario Gomez (collectively, "Defendants") alleging, among other things, violations of 42 U.S.C. § 2000, *et seq.* ("Title VII") and the New York State Human Rights Law ("NYHRL"). DE [2]. Following entry of judgment against Defendants on February 23, 2015, Plaintiffs filed the instant motion for attorneys' fees and costs, *see* DE [85], which Defendants oppose. *See* DE [88]. In a March 9, 2015 Electronic Order, Judge Kuntz referred Plaintiffs' motion to this Court for Report and Recommendation.

For the reasons set forth herein, the Court respectfully recommends that Plaintiffs be awarded a total of $181,633.00 comprised of $181,283.00 in attorneys' fees and $350.00 in costs.

I.  **Background**

By way of a Complaint dated July 11, 2011, Plaintiffs commenced this action against Defendants, alleging violations of Title VII and the NYHRL, and for negligent infliction of emotional distress. *See* DE [1]. According to Plaintiffs, "[e]ach of the D'Annunzio sisters was exposed to repeated, inappropriate, offensive comments by the restaurant's male employees throughout their employment." *Id.* at ¶ 18. At a July 13, 2011 press conference, Plaintiffs informed the media of their Complaint. *See* Defendants' Answer, DE [3], ¶ 151. On July 28, 2011, Plaintiffs filed an Amended Complaint, asserting additional state law causes of action for negligent supervision, *respondeat superior*, and failure to control premises. *See* DE [2].

On October 3, 2011, Defendants answered the Amended Complaint asserting counterclaims for defamation arising out of the July 13, 2011 press conference. *See* DE [3]. Plaintiffs successfully moved to dismiss Defendants' counterclaims as barred by New York Civil Rights Law § 74. *See* DE [5], [15].

Upon completion of discovery, the parties cross-moved for summary judgment. *See* DE [24], [40]. In a June 10, 2014 Order, Judge Kuntz: (i) granted Plaintiffs' motion for summary judgment: (a) on their Title VII claim against all Defendants; and (b) on their NYHRL claim against Defendants Ayken and Gomez; and (ii) granted Defendants' cross-motion for summary judgment: (a) dismissing Plaintiffs' NYHRL claim against Defendant Hassan; and (b) dismissing Plaintiffs' remaining state law causes of action against all Defendants. *See* DE [51] at 21. As a result of the July 10, 2014 Order, there was no trial as to liability.

2

Defendants then filed a motion for reconsideration of Judge Kuntz's summary judgment Order, see DE [61], which Plaintiffs opposed. See DE [63]. On November 26, 2014, Judge Kuntz denied Defendants' motion for reconsideration and instructed the parties to prepare for a trial to determine damages. See DE [70]. Following a three-day trial, a jury returned a verdict awarding Plaintiffs Lauren D'Annunzio $248,164.00 in damages; Ashley D'Annunzio $49,834.00 in damages; and Gabrielle D'Annunzio $106,500.00 in damages. See DE [83]. Judgment was entered against Defendants on February 23, 2015. See DE [84].

Plaintiffs now seek to recover a total of $227,306.47 in attorneys' fees and costs payable to the law firm Valli Kane & Vagnini LLP ("Valli Kane") for 595.28 hours of work performed by five individuals.[1] See Declaration of Robert J. Valli, Jr. (the "Valli Decl."), DE[85], ¶ 24; Valli Reply Aff. ¶ 5. In support of their motion, Plaintiffs submit Valli Kane's billing records from October 21, 2008 through March 27, 2015, DE [85-C], [90]; sample retainer agreements reflecting Valli Kane's standard hourly rates, DE [85-B]; the Declaration of Rick Ostrove, Esq. (the "Ostrove Decl."), DE [85-C]; and the Declaration of Saul Zabell, Esq. (the "Zabell Decl."), DE [85-C].

Defendants oppose Plaintiffs' motion on the grounds that Plaintiffs did not prevail on every cause of action asserted; Valli Kane's billing records are not sufficiently specific to assess the reasonableness of the attorneys' fees; the number of hours billed is excessive; and Valli Kane's hourly rates are too high.

---

[1] Plaintiffs submitted additional billing records from Valli Kane in the Reply Affirmation of Robert J. Valli, Jr. (the "Valli Reply Aff."), in which they seek attorneys' fees incurred in preparing the instant motion. See DE [90]. The Court has combined both sets of billing records for purposes of this Report and Recommendation.

## II. Legal Standard

A prevailing party in a Title VII action is entitled to an award of reasonable attorneys' fees. 42 U.S.C. § 2000e-5(k); *see also Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 154 (E.D.N.Y. 2013) ("[A]ttorneys for prevailing plaintiffs are eligible to receive attorney's fees under Title VII."). There is a "presumption that successful civil rights litigants should ordinarily recover attorneys' fees unless special circumstances would render an award unjust." *Raishevich v. Foster*, 247 F.3d 337, 344 (2d Cir. 2001).

## III. Discussion

Applying the standards outlined above, and for the reasons set forth below, the Court recommends awarding Plaintiffs $181,633.00, including $181,283.00 in attorneys' fees and $350.00 in costs.

### A. <u>Attorneys' Fees</u>

The party seeking reimbursement of attorneys' fees bears the burden of proving the reasonableness and necessity of hours spent and rates charged. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1139 (2d Cir. 1983). In determining a reasonable attorneys' fees award, both the Supreme Court and the Second Circuit have held that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2007)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.

4

Ct. 1933 (1983). In calculating the presumptively reasonable fee, the court should look to what a "reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively" would be willing to pay. *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 184.

1. Reasonable Hourly Rate

For purposes of the lodestar, "[a] reasonable rate is the rate that a reasonable, paying client would be willing to pay." *Barrella v. Vill. of Freeport*, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted). Courts in the Second Circuit adhere to the forum rule, "which states that a district court should generally use the prevailing hourly rates in the district where it sits." *Joseph*, 970 F. Supp. 2d at 155 (citing *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 176 (2d Cir. 2009)); *see also Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1998) ("[T]he 'prevailing community' the district court should consider to determine the 'lodestar' figure is 'the district in which the court sits.' ") (quoting *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)).

Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals. *See Ferrara v. CMR Contracting LLC*, 848 F. Supp. 2d 304, 313 (E.D.N.Y. 2012) ("In recent years, courts in this district have approved hourly fee rates in the range of $200 to $450 for partners, $100 to $300 for associates and $70 to $100 for paralegal assistants."). In determining whether an hourly rate is reasonable, courts must take into account "the nature of [the] representation and

type of work involved . . . ." *Bodon v. Domino's Pizza, LLC*, No. 09-cv-2941, 2015 WL 3889577, at *8 (E.D.N.Y. June 4, 2015).

Here, Plaintiffs seek hourly rates of $450 for partner Robert Valli, Jr., $425 for partners Sarah Wyn Kane and James A. Vagnini, $375 for senior associate S. Tito Sinha, and $150 for law clerk Jesse Rose. *See* Valli Decl. ¶ 24.

    *i. Robert Valli, Jr.*

Mr. Valli has over 24 years of litigation experience, with approximately 18 years of experience devoted to litigating civil rights and employment discrimination actions. *Id.* at ¶¶ 34, 38. He is presently involved in the majority of the litigation at Valli Kane, and he normally bills for his services at an hourly rate of $500. *Id.* at ¶¶ 38-39. Mr. Valli's requested hourly rate of $450 is at the highest end of the range typically awarded to attorneys with his experience in this district. *See Gray v. Toyota Motor Sales, U.S.A., Inc.*, No. 10-cv-3081, 2013 WL 3766530, at *5 (E.D.N.Y. July 16, 2013) (awarding hourly rate of $450 for partners); *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 263 (E.D.N.Y. 2014) (awarding hourly rate of $425 for practitioner with 33 years of experience, during which time he handled approximately 500 employment discrimination cases). Because Mr. Valli has substantial experience, and he served as lead trial counsel, for which he achieved a highly favorable result without a trial as to liability, the Court recommends an hourly rate of $450.

    *ii. Sarah Wyn Kane and James A. Vagnini*

Both Ms. Kane and Mr. Vagnini are 1998 graduates of Hofstra University School of Law. Valli Decl. ¶¶ 46, 64. Ms. Kane co-founded Valli Kane in 2005, and

she has handled hundreds of mediations and hearings on behalf of aggrieved employees. *Id.* at ¶¶ 50-51. Mr. Vagnini has represented thousands of clients who have suffered various forms of discrimination, harassment, wrongful discharge, and labor violations. *Id.* at ¶ 60. An hourly rate of $425 for Ms. Kane and Mr. Vagnini is also at the highest end of the range typically awarded to attorneys with their experience in this district. *See Gray*, 2013 WL 3766530, at *5 (awarding hourly rate of $450 for partners); *Manti's Transp. v. Kenner*, No. 13-cv-6546, 2015 WL 1915004, at *10 (E.D.N.Y. Apr. 27, 2015) ("[T]he prevailing hourly rate for partners and solo practitioners in this district is between three hundred ($300.00) and four hundred ($400.00 dollars."); *Hargroves v. City of New York*, No. 03-cv-1668, 2014 WL 1271039, at *4 (E.D.N.Y. Mar. 26, 2014) (awarding hourly rate of $400 for attorney with 17 years of experience). Given that Ms. Kane and Mr. Vagnini both have approximately 17 years of legal experience, and have both worked on hundreds of discrimination actions, but did not act as lead trial counsel, the Court recommends an hourly rate of $400.

   *iii. S. Tito Sinha*

Mr. Sinha, a senior associate at Valli Kane, is a 1997 graduate of the City University of New York School of Law, and has over 14 years of civil rights litigation experience, primarily in the areas of employment discrimination and police misconduct. Valli Decl. ¶¶ 65, 68. An hourly rate of $375 is above the range typically awarded to attorneys with Mr. Sinha's title and experience in this district. *See Gray*, 2013 WL 3766530, at *5 (awarding hourly rate of $300 for senior associate with over

ten years' experience); *Shariff v. Alsaydi*, No. 11-cv-6377, 2013 WL 4432218, at *5 (E.D.N.Y. Aug. 15, 2013) (awarding hourly rate of $325 to attorney with over eleven years' experience). Based on Mr. Sinha's level of experience, as well as the significant role he played throughout the course of this action, the Court recommends an hourly rate of $325, the high end of the spectrum for senior associates.

  *iv. Jesse Rose*

Mr. Rose is a former intern, law clerk, and associate at Valli Kane, and he is currently Of Counsel to Phillips & Associates and the lead partner in The Rose Law Group, PLLC. Valli Decl. ¶¶ 69-70. Although Plaintiffs do not provide information regarding Mr. Rose's credentials or experience, the Court takes note of the fact that he is a 2008 graduate of Hofstra University School of Law.[2] An hourly rate of $150 is above the range typically awarded to law clerks in this district. *See Gomez v. El Rancho de Andres Carne de Tres, Inc.*, No. 12-cv-1264, 2014 WL 1310296, at *12 (E.D.N.Y. Mar. 11, 2014) (awarding hourly rate of $125 for law clerk awaiting admission to the bar); *U.S. v. City of New York*, No. 07-cv-2067, 2013 WL 5542459, at *8 (E.D.N.Y. Aug. 30, 2013) (awarding hourly rate of $125 for law clerks). Given that Mr. Rose was a law school graduate throughout the duration of this action, and performed tasks similar to an associate, including conducting legal research and interacting with clients, the Court recommends an hourly rate of $125.

---

[2] *See* http://theroselawgroup.com/counselors/ (last accessed Aug. 25, 2015).

## 2. Reasonable Number of Hours

A party seeking to recover attorneys' fees "bears the burden of establishing that the number of hours for which compensation is sought is reasonable." *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-cv-3027, 2015 WL 1529772, at *2 (E.D.N.Y. Apr. 2, 2015) (internal quotation omitted). An application for attorneys' fees must be supported "by accurate, detailed, and contemporaneous time records." *La Barbera v. ASTC Labs, Inc.*, 752 F. Supp. 2d 263, 277 (E.D.N.Y. 2010); *see also Gesualdi v. Gen. Concrete, Inc.*, No. 11-cv-1866, 2013 WL 1192967, at *9 (E.D.N.Y. Feb. 1, 2013) ("The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances.") (quoting *Scott v. City of N.Y.*, 626 F.3d 130, 133-34 (2d Cir. 2010)). Contemporaneous time records submitted in support of an application need not contain great detail so long as they identify the general subject matter of time expenditures. *See Perdue v. City Univ. of N.Y.*, 13 F. Supp. 2d 326, 345 (E.D.N.Y. 1998).

Courts should not award attorneys' fees for "hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation." *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (quoting *Hensley*, 461 U.S. at 434). In reducing an award due to excessive hours, a court is not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items." *Lunday v. Cty. of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). Rather, it is within the court's discretion to reduce an award of attorneys' fees by a specific percentage for duplicative, vague, or excessive billing entries. *See In re "Agent Orange" Prods.*

*Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) ("[T]he district court has the authority to make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application.") (internal quotation omitted).

In support of their motion for attorneys' fees, Plaintiffs submit Valli Kane's contemporaneous time records from October 21, 2008 through March 27, 2015, including the date, nature of work performed, amount of time spent, and hourly rate charged. *See* Valli Decl. Ex. A. Although Defendants object to Plaintiffs' motion on the grounds that "[t]he [billing] records are replete with entries for which the nature of the work performed is not given," Def. Memo of Law at 11, the Court has reviewed Valli Kane's records, and is satisfied that they provide sufficient information. *See Perdue*, 13 F. Supp. at 46 (requiring that time entries identify the "general subject matter of time expenditures") (internal quotation omitted).

Defendants also object to Plaintiffs' motion on the grounds that the number of hours is excessive. *See* Def. Memo of Law at 17. However, Valli Kane's representation of Plaintiffs commenced in late 2008, and has included, among other things: filing charges of discrimination with the Equal Employment Opportunity Commission; successfully moving to dismiss Defendants' counterclaims for defamation as barred by New York Civil Rights Law § 74; discovery, which included six depositions; summary judgment motion practice; successfully opposing Defendants' motion for reconsideration of Judge Kuntz's summary judgment order; and a three-day trial on damages. Given the duration and numerous phases of this

litigation, as well as the considerable success achieved on behalf of Plaintiffs,[3] it is reasonable for Valli Kane to have billed a large number of hours.

Nevertheless, in reviewing Valli Kane's billing records, the Court considers certain entries to be excessive or unreasonable. By way of example, on December 17, 2014 alone, three Valli Kane attorneys billed a total of 45.39 hours for travel to, and attendance at, the damages trial. *See* Valli Decl. Ex. A. While the use of multiple attorneys is not *per se* unreasonable, "it presents a serious risk of inefficiency, duplication, and unnecessary billing." *Rubenstein v. Advanced Equities, Inc.*, No. 13-cv-1502, 2015 WL 585561, at *8 (S.D.N.Y. Feb. 10, 2015). Therefore, the Court recommends a reduction in Valli Kane's hours to account for duplicative billing.

Similarly, there is excessive time billed for mundane tasks. On August 3, 2011, Mr. Sinha billed 1.1 hours for preparation of a waiver of service, which is an unreasonable amount of time for a senior associate to bill for completing a one-page form. *Id.* Likewise, on September 19, 2012, Mr. Sinha billed 4 hours for attendance at a pre-motion conference at which Judge Kuntz simply set a briefing schedule for the parties' cross-motions for summary judgment. *See* September 19, 2012 Electronic Minute Entry. To the extent that Mr. Sinha's September 19, 2012 entry incorporates travel to and from the conference, such time would be improperly billed at Mr. Sinha's full hourly rate. *See Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 302

---

[3] As Judge Kuntz noted in his June 10, 2014 summary judgment Order, "summary judgment in favor of plaintiffs is not ordinarily granted . . . ." DE [51] at 16. Similarly, Mr. Ostrove, whose Declaration is submitted in support of Plaintiffs' application, wrote, "[I]t is incredibly rare for a plaintiff in a hostile work environment case to be granted Summary Judgment. I cannot recall one such instance." Ostrove Decl. ¶ 34.

(E.D.N.Y. 2012) (awarding travel time at 50% of normal hourly rate). Therefore, the Court further recommends a reduction in Valli Kane's hours to account for such entries.

Mr. Sinha also regularly billed for performing clerical and administrative tasks, which are not ordinarily recoverable. *See DeMarco v. Ben Krupinski Gen. Contractor, Inc.*, No. 12-cv-573, 2014 WL 3696020, at *9 (E.D.N.Y. July 22, 2014) (reducing award to account for "time spent on clerical tasks, such as faxing documents, preparing duplicates, serving papers on defendants, and filing documents") (internal citation omitted). For example, Mr. Sinha billed .3 hours for filing the Amended Complaint on July 28, 2011; .4 hours for filing Plaintiffs' motion to dismiss on October 24, 2011; and .5 hours for filing reply papers by ECF and sending a courtesy copy on February 16, 2012. *See* Valli Decl. Ex. A. Therefore, the Court also recommends a reduction in Valli Kane's hours to account for improper clerical billing entries.

Finally, the Court concludes that a reduction is appropriate to account for the fact that Plaintiffs' state law causes of action were dismissed. *See Quinn v. Nassau Cty. Police Dept.*, 75 F. Supp. 2d 74, 79 (E.D.N.Y. 2009) ("[T]he Court finds that a general lodestar reduction of 10% is appropriate to reflect the lack of complete success achieved by Plaintiff."). However, because those causes of action were premised on the same facts and circumstances as Plaintiffs' Title VII claims, for which Valli Kane achieved significant success, any such reduction should be minimal. *See Kahn v. HIP Centralized Lab. Servs., Inc.*, No. 03-cv-2411, 2009 WL 2259643, at *4 (E.D.N.Y. July

29, 2009) (adjusting lodestar to account for the plaintiff's "significant—but incomplete—level of success").

Rather than scrutinizing the propriety of each individual time entry, however, the Court recommends an across-the-board percentage cut to account for excessive, duplicative, or otherwise improper billing. *See Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 401 (S.D.N.Y. 2000) (applying 15% across-the-board cut to account for non-compensable matters, overstaffing, and excessive time spent on discrete tasks); *Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp.*, 215 F.R.D. 60, 64 (E.D.N.Y. 2003) (reducing the number of overall hours by 10% to account for duplicative time). Having reviewed Valli Kane's billing records, for the reasons stated herein, the Court considers a 10% cut to be reasonable.

Based on the reasonable hourly rate and reduction in hours recommended above, the Court recommends awarding Plaintiffs a total of $181,283.00 in attorneys' fees as follows:

| Name | Hourly Rate Recommended | Hours Recommended | Total |
| --- | --- | --- | --- |
| Robert Valli, Jr. | $450 (non-travel) | 79.88 (non-travel) | $35,946.00 |
| | $225 (travel) | 13.57 (travel) | $3,053.25 |
| Sarah Wyn Kane | $400 (non-travel) | 36.11 (non-travel) | $14,444.00 |
| | $200 (travel) | 6.75 (travel) | $1,350.00 |
| James A. Vagnini | $400 | 2.85 | $1,140.00 |
| S. Tito Sinha | $325 (non-travel) | 375.78 (non-travel) | $122,128.50 |
| | $162.50 (travel) | 13.80 (travel) | $2,242.50 |
| Jesse Rose | $125 | 7.83 | $978.75 |
| | | **TOTAL** | **$181,283.00** |

## B. Costs

In addition to attorneys' fees, "[a] prevailing party is also entitled to compensation for 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Barrella v. Vill. of Freeport*, 43 F. Supp. 3d 136, 193 (E.D.N.Y. 2014) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)); *see also Stanczyk v. City of New York*, 990 F. Supp. 2d 242, 253 (E.D.N.Y. 2013) ("[E]xpenditures for filing fees, process servers, subpoena/witness fees, and transcripts are routinely recoverable . . . .") (internal quotation omitted).

The party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-cv-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (quoting *Pennacchio v. Powers*, No. 05-cv-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)). A party is not entitled to recover costs when its application fails to provide substantiation for the costs sought. *See Douyon v. N.Y. Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014) ("[W]ith this record, the Court has no way of confirming that these costs . . . were incurred by counsel."); *Joe Hand Promotions, Inc. v. Elmore*, No. 11-cv-3761, 2013 WL 2352855, at *12 (E.D.N.Y. May 12, 2013) (declining to award costs due to an absence of documentation).

Plaintiffs seek to recover $4,316.51 in costs, including the $350.00 filing fees; $166.00 for parking; $2,260.50 for deposition transcripts; $367.80 for legal research; $942.00 for copying costs; and $10.00 for travel. Valli Decl. ¶¶ 107-08. However, Plaintiffs have failed to submit any invoices, receipts, or other documentary proof of

14

the costs they seek. The Court takes judicial notice of the $350.00 filing fee reflected on the docket. *See* Electronic Order, July 11, 2011; *see also Douyon*, 49 F. Supp. 3d at 352 (taking judicial notice of $350.00 filing fee). However, in the absence of any substantiation, the Court recommends that Plaintiffs not be awarded any additional costs. Therefore, the Court recommends that Plaintiffs be awarded a total of $350 in costs.

## IV. Conclusion

For the reasons set forth herein, the Court respectfully recommends that Plaintiffs be awarded $181,633.00 for attorneys' fees and costs.

## V. Objections

A copy of this Report and Recommendation is being sent to counsel for all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       August 25, 2015

s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge
